Alvin BALDUS, Carlene Bechen, Elvira Bumpus, Ronald Biendseil, Leslie W. Davis, III, Brett Eckstein, Gloria Rogers, Richard Kresbach, Rochelle Moore, Amy Risseeuw, Judy Robson, Jeanne Sanchez–Bell, Cecelia Schliepp, Travis Thyssen, Cindy Barbera, Ron Boone, Vera Boone, Evanjelina Cleerman, Sheila Cochran, Maxine Hough, Clarence Johnson, Richard Lange, and Gladys Manzanet, Plaintiffs,

Tammy Baldwin, Gwendolynne Moore and Ronald Kind, Intervenor–Plaintiffs,

v.

MEMBERS OF THE WISCONSIN GOVERNMENT ACCOUNTABILITY BOARD, each only in his official capacity: Michael Brennan, David Deininger, Gerald Nichol, Thomas Cane, Thomas Barland, and Timothy Vocke, and Kevin Kennedy, Director and General Counsel for the Wisconsin Government Accountability Board, Defendants,

F. James Sensenbrenner, Jr., Thomas E. Petri, Paul D. Ryan, Jr., Reid J. Ribble, and Sean P. Duffy, Intervenor–Defendants.

Voces De La Frontera, Inc., Ramiro Vara, Olga Vara, Jose Perez, and Erica Ramirez, Plaintiffs,

v.

Members of the Wisconsin Government Accountability Board, each only in his official capacity: Michael Brennan, David Deininger, Gerald Nichol, Thomas Cane, Thomas Barland, and Timothy Vocke, and Kevin Kennedy, Director and General Counsel for the Wisconsin Government Accountability Board, Defendants.

Case Nos. 11–CV–562 JPS–DPW–RMD, 11–CV–1011 JPS–DPW–RMD.

United States District Court, E.D. Wisconsin.

March 27, 2012.

Dustin B. Brown, Brady C. Williamson, Godfrey & Kahn, S.C., P. Scott Hassett, Daniel S. Lenz, Madison, WI, Rebecca K. Mason, Douglas M. Poland, Godfrey & Kahn, S.C., Jacqueline E. Boynton, Law Offices of Jacqueline Boynton, Peter G. Earle, Law Offices of Peter Earle LLC, Milwaukee, WI, for plaintiffs.

Colleen E. Fielkow, Patrick J. Hodan, Daniel Kelly, and Joseph W. Voiland, Reinhart, Boerner, Van Deuren, S.C., Kellen C. Kasper, Thomas L. Shriner, Jr., Foley & Lardner LLP, Milwaukee, WI, Maria S. Lazar, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, for Defendants.

Aaron H. Kastens, Joseph Louis Olson, Michael Best & Friedrich LLP, Milwaukee, WI, Pamela S. Moorshead, Law Offices of Pamela S. Moorshead, Glendale, WI, Eric M. McLeod, Michael Best & Friedrich LLP, Madison, WI, for movants.

### ORDER

DIANE P. WOOD, Circuit Judge, J.P. STADTMUELLER, District Judge, and ROBERT M. DOW, JR., District Judge.

In our decision issued on March 22, 2012, we held that Act 43 violates the Voting Rights Act (VRA), and enjoined the Government Accountability Board from implementing the Act until such time as the VRA violations were appropriately addressed by the Wisconsin Legislature (Legislature). (Docket #210, at 34, 849 F.Supp.2d 840, 859–60, 2012 WL 983685 (E.D.Wis.2012),). As discussed in our prior decision, we declined to make changes to the redistricting map, finding that, under *Perry v. Perez,* —— U.S. ——, 132 S.Ct. 934, 940, 181 L.Ed.2d 900 (2012), the task of redistricting ultimately falls squarely within the purview of the Legislature. To be sure, we had every expectation that the Legislature would undertake its responsibility and adopt the precious few changes necessary to bring Wisconsin's redistricting plan into compliance with the VRA.

But in the end, the Legislature has once again declined our invitation, leaving those expectations dashed—perhaps for good reason. Indeed, it is worthy to note if only for purposes of once again underscoring the critical importance of each citizen's vote, just as with elections, resignations also carry consequences. So, it should come as no surprise to anyone with a modicum of interest in politics that, owing to the recent resignation of a Republican senator, Republicans no longer hold a majority in the Senate, and now find themselves in a 16–16 deadlock with their Democrat counterparts. That shift in control leaves the prospect of a legislative solution—even if limited to addressing the

VRA violations—becoming virtually impossible, particularly in the highly charged political environment which currently prevails across much of Wisconsin politics. Thus, the task to make the changes required for a lawful redistricting plan now falls to us.

The plaintiffs have requested that we convene a further hearing on the matter of just how the boundaries of Assembly Districts 8 and 9—the offending districts—should be drawn. (Docket # 212, # 217). They have also suggested that the outer boundaries of both districts, as established by Act 43, may have to be changed to ensure compliance with the VRA and the United States and Wisconsin Constitutions. (Docket # 212, # 217). The defendants have also joined in plaintiffs' request for a hearing. (Docket # 214).

From the record before us, we have concluded that any further hearing would not be helpful and is therefore unnecessary; instead, we will invite written submissions from the parties to address this remaining issue, in the event the parties are unable reach an agreement on the appropriate boundaries in a meet-and-confer conference that we will require be held before any further filings are made.

Accordingly, if there be no agreement as to appropriate and necessary changes in the mapping for Assembly Districts 8 and 9, we will direct that the parties (and any non-parties who may wish to do so) submit suggested maps that they believe will comply with the applicable provisions found in the VRA, the United States Constitution, and the Wisconsin Constitution, together with any additional relevant case authority not already before us. However, in keeping with *Perry*, which requires that the Court " 'be guided by the legislative policies underlying' " the state's plan, any party or nonparty choosing to file further submissions should confine their suggested changes to fall within the outer district

boundaries of Assembly Districts 8 and 9 as established by Act 43. *Perry*, 132 S.Ct. at 941 (quoting *Abrams v. Johnson*, 521 U.S. 74, 79, 117 S.Ct. 1925, 138 L.Ed.2d 285 (1997)).

As disappointing as the Legislature's redistricting efforts have been, the Court's task is to now ensure that, as to the very narrow issue before us, Wisconsin's redistricting plan comports with relevant statutory and constitutional principles. Therefore, we will complete the assignment now before us, first, by giving full consideration to the written suggestions of all interested parties, and thereafter adopting a map that complies with these principles.

Accordingly,

**IT IS ORDERED** that the parties' separate requests for a hearing (Docket # 212 and # 214) be and the same are hereby **DENIED;**

**IT IS FURTHER ORDERED** that the parties shall conduct one or more meet-and-confer conferences with one another to discuss the possibility of reaching an agreed-upon configuration of Assembly Districts 8 and 9, and shall thereafter electronically file, not later than **Monday, April 2, 2012,** a joint report detailing the outcome of such conference(s), including any joint recommendation as to the configuration of Assembly Districts 8 and 9;

**IT IS FURTHER ORDERED** that, in the event the parties are unable to agree upon a joint recommendation, they remain free to electronically file, not later than Tuesday, April 3, 2012, proposed maps which they believe comply with the applicable laws of the United States and the laws of Wisconsin; such maps should be confined to the outer boundaries of Assembly Districts 8 and 9, as set by Act 43; such maps may be accompanied by a memorandum of law, not to exceed ten (10) pages in length, setting forth the legal

justification for the suggested configuration of such maps;

**IT IS FURTHER ORDERED** that, should any non-party wish to appear as *amicus curiae* for purposes of filing a proposed map for Assembly Districts 8 and 9, they may do so on or before **Tuesday, April 3, 2012,** by electronically filing a motion to appear as *amicus curiae,* and at the same time file one or more proposed maps together with a memorandum of law, again not to exceed ten (10) pages in length; and

**IT IS FURTHER ORDERED** that, should any party wish to file a response to the filings of any other party, including any party appearing as *amicus curiae,* they may do so, on or before **Thursday, April 5, 2012,** by electronically filing a memorandum, not to exceed more than five (5) pages in length.